UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-468-FDW
(3:00-cr-222-GCM-1)

| TIMOTHY JEROME NIXON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on consideration of Petitioner's Motion filed pursuant to 28 U.S.C. § 2241, and for consideration of his alternative claims for relief. For the reasons that follow, Petitioner's Section 2241 motion will be denied along with his alternative claims for relief.

## I. BACKGROUND

On November 8, 2000, Petitioner was named in a ten-count superseding bill of indictment, charging Petitioner with numerous drug and gun offenses. (3:00-cr-222-GCM, Doc. No. 3: Superseding Indictment). On February 1, 2001, pursuant to a written plea agreement, Petitioner pled guilty to conspiracy to possess with intent to distribute cocaine base and cocaine (Count 1), using and carrying a firearm during and in relation to a drug trafficking crime (Count 8), and possession of a firearm by a convicted felon (Count 9). (Doc. No. 35: Plea Agreement). On October 16, 2002, the Court sentenced Petitioner to 180-months' imprisonment on Count 1; to 120-months' imprisonment on Count 9 to be served concurrently with the Count 1 sentence;

1

and to a consecutive term of 60-months' imprisonment on Count 8, for a total of 240 months. (Doc. No. 106: Judgment in a Criminal Case).

On October 1, 2002, Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 103). On December 2, 2002, Petitioner withdrew his appeal notice, and his appeal was later dismissed. United States v. Nixon, No. 02-4796 (4th Cir. Feb. 11, 2003). (Doc. No. 111).

On September 17, 2003, Petitioner filed a pro se Motion to Vacate his conviction and sentence. (3:03-cv-451-GCM). In the Motion to Vacate, Petitioner alleged that he had received ineffective assistance of counsel, that his conspiracy conviction was unlawful, and that his sentence exceeded the maximum term that could have been imposed under the U.S. Sentencing Guidelines. This Court denied the Motion to Vacate on August 18, 2004. (Doc. No. 10).

On January 17, 2006, Petitioner, again proceeding pro se, filed a second Motion to Vacate, raising a claim under Apprendi v. New Jersey, 530 U.S. 466 (2000). (3:06-cv-24-GCM). On January 20, 2006, the Court denied and dismissed the Motion to Vacate as an unauthorized, successive petition. (Doc. No. 3); Nixon v. United States, No. 3:06cv24-02-MU, 2006 WL 163614 (W.D.N.C. Jan. 20, 2006).

On July 24, 2008, Petitioner, by and through counsel, filed a Motion to Reduce Crack Sentence pursuant to 18 U.S.C. § 3852(c). (3:00-cr-222-GCM-1, Doc. No. 142). The Court denied the motion by Order entered on September 18, 2008. (3:00-cr-222, Doc. No. 151). On October 5, 2012, the Court, on its own motion, again declined to reduce Petitioner's sentence pursuant to 18 U.S.C. § 3852(c). (Doc. No. 182).

On October 5, 2012, Petitioner, proceeding pro se, filed a third Section 2255 motion to vacate, contending that he was entitled to relief based on the decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (3:12-cv-736-GCM). Petitioner argued that he was entitled to relief under Simmons because the 1998 state court felony of possession with intent to sell and deliver marijuana, which was sustained in North Carolina and used to support the felon-in-possession conviction under 18 U.S.C. § 922(g), no longer qualified as a predicate felony under Simmons. Again, the Court dismissed the Section 2255 motion after noting Petitioner had not obtained authorization from the Fourth Circuit to file a successive § 2255 motion and therefore the motion was unauthorized. (Doc. No. 2: Order at 2) (citing 28 U.S.C. § 2244(b)(3)(A)). Petitioner's motion for reconsideration of the Court's order of dismissal was denied and he did not file an appeal. (Doc. No. 5).

On August 15, 2013, Petitioner, by and through counsel, filed the present challenge to his criminal judgment contending that his mandatory minimum sentence should be vacated and he should be resentenced without consideration of a prior state drug conviction. Petitioner cites the Fourth Circuit's en banc decision in United States v. Simmons and argues that Petitioner's prior state drug conviction was improperly relied upon in imposing a recidivist enhancement under 21 U.S.C. § 841. (3:13-cv-468-FDW, Doc. No. 1 at 1). In attacking his sentence, Petitioner elects not to proceed under Section 2255, after noting the three prior dismissals of his § 2255 proceedings in this district, and citing the recent denial by the Fourth Circuit of his application to file a successive § 2255 motion. (Id. at 7) (citing In re: Nixon, No. 13-227 (4th Cir. Apr. 30, 2013). See also (3:00-cr-222, Doc. No. 192).

## II. DISCUSSION

A.  Section 2241

The Court finds that relief under Section 2241 is unavailable to Petitioner as his effort is solely focused on challenging the legality of his sentence. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

In re Jones, at 333-34.

In the present case, Petitioner does not fairly challenge the legality of his conviction, rather he challenges his sentence which he contends was improperly enhanced—based on a prior, North Carolina state drug conviction—that he maintains is no longer properly considered in determining a sentencing enhancement under the reasoning of Simmons. As Petitioner is only challenging his sentence he has therefore failed to demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate. Moreover, even without consideration of a prior drug conviction, Petitioner was still sentenced to a term of imprisonment within the maximum.[1] See

---

[1] In his Plea Agreement, Petitioner admitted that the amount of cocaine base attributable to the conspiracy was more than 150 grams but less than 500 grams. (3:00-cr-222, Doc. No. 35 ¶ 3(B)(1)(a)).

21 U.S.C. § 841(b)(1)(A) (an unenhanced sentence carries a sentence of not more than 10 years nor more than life); see also United States v. Powell, 691 F.3d 554 (4th Cir. 2012) (Judge King concurring in the judgment and dissenting in part),

> As a case in point, Powell received § 841(b)(1)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum—as any enhanced subsection (b)(1)(A) sentence would necessarily be.

Id. at 562 n.1.

For the foregoing reasons, Petitioner's Section 2241 motion will be denied.

### B. Coram Nobis Relief

Petitioner has pled an alternative claim for relief asking this Court to grant him a petition for a writ of *coram nobis*. Relief pursuant to a writ of *coram nobis* should be limited to petitioners that are no longer in custody on their conviction. See United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir. 1989) (citing United States v. Morgan, 346 U.S. 502, 512-13 (1954)). First, Petitioner is still in federal custody, and second, Petitioner does not contest his conviction rather he contest only his sentence. The petition will be denied.

### C. Writ of Audita Querela

Finally, the Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 F. App'x 109 (4th Cir. 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002)), and United States v.

5

Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). Although in the instant situation the Fourth Circuit denied Petitioner's application to file a successive § 2255 motion, that fact cannot support the requested relief under this writ. See In re Moore, supra ("The fact that Moore cannot proceed under § 2255 unless he obtains authorization from this court to file a successive motion does not alter this conclusion) (citing United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001)). For the reasons state, the petition for a writ of *audita querela* will be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2241 motion is **DENIED**.

2. Petitioner's petition for a writ of *coram nobis* is **DENIED**.

3. Petitioner's petition for a writ of *audita querela* is **DENIED**.

The Clerk of Court is respectfully directed to close this case.

Signed: August 16, 2013

Frank D. Whitney
Chief United States District Judge