UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-468-FDW

| TIMOTHY JEROME NIXON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Doc. No. 1).

**I. BACKGROUND**

Petitioner pled guilty in criminal case number 3:00-cr-222 to: Count (1), conspiracy to possess with intent to distribute powder and crack cocaine (21 U.S.C. §§ 841(a)(1), 846, 851); Count (8), possession of a firearm during and in relation to a drug trafficking offense (18 U.S.C. § 924(c)(1)); and Count (9), possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)). See (3:00-cr-222, Doc. No. 106). The § 851 Notice was based on Petitioner's 1998 conviction for possession with intent to sell and deliver marijuana under North Carolina law. (Id., Doc. No. 14).

The Court sentenced Petitioner to 180 months' imprisonment for Count (1) and 120 months for Count (9), concurrent, and 60 months for Count (8), consecutive, for a total of 240 months' imprisonment, followed by a total of five years of supervised release. (Id.). The Fourth Circuit Court of Appeals dismissed Petitioner's appeal. (Id., Doc. No. 111).

---

[1] The Petitioner alternatively sought relief pursuant to 28 U.S.C. §§ 2255 and 1651.

1

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, case number 3:03-cv-451, that was dismissed. Petitioner filed a second § 2255 Motion to Vacate, case number 3:06-cv-24, that was also dismissed.

Petitioner filed the instant case pursuant to § 2241 and, alternatively, pursuant to §§ 2255 and 1651, arguing that the predicate conviction for his sentencing enhancement was not punishable by more than one year in prison pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). The Court denied the Petition as an unauthorized successive § 2255 on August 19, 2013, but the Fourth Circuit remanded at the parties joint request for further proceedings on November 26, 2013. See (Doc. No. 8). On remand, the Government filed a Response conceding that Petitioner should be resentenced because the minimum mandatory is inapplicable. See (Doc. No. 11). The Government filed unopposed motions to stay this case pending the outcome of Surratt v. United States, 14-6851, then United States v. Wheeler, No. 16-6073, which were granted. See (Doc. Nos. 13, 15, 17).

Meanwhile, on December 30, 2014, Petitioner filed a sealed Motion for Sentence Reduction in the criminal case that was granted on January 14, 2015. (3:00-cr-222, Doc. Nos. 203-04). Petitioner's sentence was reduced from 240 months to time served plus 10 days and he was released from the Bureau of Prisons' custody.

The Government has filed its Response in opposition to the instant Petition now that Wheeler is final, 886 F.3d 415 (4th Cir. 2018), *certiorari denied* 139 S.Ct. 1318. The Government argues that relief should be denied as moot because Petitioner has been released from custody. (Doc. No. 22). Petitioner has not filed a Reply.

**II.      DISCUSSION**

Article III, Section 2 of the United States Constitution provides that federal Courts may

adjudicate only live cases or controversies. See <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990); <u>Nakell v. Attn'y Gen. of N.C.</u>, 15 F.3d 319, 322 (4th Cir. 1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." <u>Id.</u> In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." <u>Braden v. 30th Jud'l Cir. Court of Ky.</u>, 410 U.S. 484, 494–95 (1973). An incarcerated convict's or parolee's challenge to the validity of his conviction always satisfies the case or controversy requirement, but, once a convict's sentence has expired, some collateral consequence of the conviction must exist if the suit is to be maintained. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7–8 (1998).

Petitioner's sentence was reduced to time served plus 10 days and he was released from the Bureau of Prisons' custody. He asserts no collateral consequences upon which § 2241 relief should be granted, so no case or controversy presently exists. See <u>United States v. Hardy</u>, 545 F.3d 280, 284 (4th Cir. 2008); <u>see</u>, <u>e.g.</u>, <u>Williams v. United States</u>, 2018 WL 1612203 (W.D.N.C. April 3, 2018). Because there is no live case or controversy before the Court, the § 2241 Petition will be dismissed as moot.

### III. CONCLUSION

For the foregoing reasons, Petitioner's § 2241 Petition is dismissed as moot.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Doc. No. 1), is **DISMISSED** as moot.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 25, 2019

Frank D. Whitney
Chief United States District Judge